IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL BOURNE
                                        *
            v.                                          CIVIL NO. CCB-12-2933
                                        *
NORTH AMERICAN TRADE
SCHOOLS                                 *
                                      ooOoo

**MEMORANDUM**

Michael Bourne, an African-American male, filed suit against his former employer, North American Trade Schools ("NATS")[1], alleging that his termination in July 2011 was the result of racial discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). Mr. Bourne also alleges retaliation for protected activity, specifically an EEOC complaint he filed in September 2009, in violation of the same statutes. NATS has filed a motion to dismiss, which has been fully briefed and will be granted for the reasons stated below.

Accepting the facts alleged in the complaint as true, Mr. Bourne was hired as a supervisor in June 2007. In September 2009, when a newly vacated position of Assistant Director of Education was awarded to Ron Dement (Caucasian) rather than to Mr. Bourne, Mr. Bourne filed an EEO complaint, which was dismissed by the EEOC in September 2010. No lawsuit was filed regarding that denial of promotion.

The events leading up to Mr. Bourne's termination, as alleged, are that a letter was written falsely certifying that an individual named Roberto Murcia received 160 hours of training from NATS when in fact he had not. Mr. Bourne said he knew nothing about it, but another African-American employee, Milton Dickens, apparently gave different information to

---

[1] Apparently, the correct name of the defendant is EFC Trade, Inc. IV.

Mr. Bourne's supervisor, Doug Ripley.  Mr. Ripley fired Mr. Bourne on July 27, 2011.

Mr. Bourne filed a second charge with the EEOC in August 2011 alleging racial discrimination and retaliation in connection with his discharge.  (ECF No. 10, Ex. 1.)  A right to sue letter was issued in July 2012, and this lawsuit followed.

To establish a claim of retaliation, Mr. Bourne must show "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action."[2]  *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).  The only protected activity alleged in the complaint, however, is filing a charge with the EEOC in 2009, which is too far removed in time from the 2011 discharge to support an inference of causation.  *See Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998). Nor is there any allegation that Mr. Ripley knew about the 2009 charge.  *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998).

To establish a *prima facie* claim of discriminatory discharge, a plaintiff must show "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Id.*  It does not appear that Mr. Bourne can satisfy the fourth prong, as he has not identified an appropriate comparator.  More fundamentally, taking his allegations as true, they show that he was discharged because Mr. Ripley believed, based in part on the word of another African-American employee, that Mr. Bourne had been involved in the false certification of training.  Whether that belief was right or wrong, nothing about the circumstances alleged suggests a racial motive.

In his opposition, Mr. Bourne submits a Rule 56 affidavit as to the discovery he seeks

---

[2] The elements required to establish a case of discrimination are the same under Title VII and Section 1981. *Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004).

and argues that it is "very possible discovery could reveal" some evidence demonstrating a causal link between the 2009 EEOC complaint and the termination.  Even if a Rule 56 affidavit were appropriate in response to a motion to dismiss, the plaintiff's request only serves to emphasize the lack of any facts he now has to support a plausible claim.

      Accordingly, the motion to dismiss will be granted.  A separate Order follows.


<u>April 18, 2013</u>              <u>    /s/        </u>
Date                     Catherine C. Blake
                       United States District Judge